**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SERGIO D. FIORARANCIO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLCARE HEALTH PLANS, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>CLASS ACTION<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sergio D. Fiorarancio (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of counsel, and on information and belief, as follows:

## NATURE OF ACTION

1.       Plaintiff brings this action for statutory damages and equitable remedies resulting from the illegal actions of WellCare Health Plans, Inc. (hereafter "WellCare") in contacting Plaintiff and Class Members on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and the Federal Communication Commission rules promulgated thereunder, 47 C.F.R. § 64.1200 (hereinafter referred to as the "TCPA").  WellCare has violated the TCPA by contacting Plaintiff and Class members on their cellular telephones by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent within the meaning of the TCPA.  Plaintiff brings this action for injunctive relief and statutory damages resulting from WellCare's illegal actions.

2.       In addition, WellCare violated 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by making more than one call within a 12-month period to Plaintiff and Class Members who placed their telephone numbers on the National Do Not Call Registry ("NDNC").

3.      On behalf of the classes, Plaintiff seeks an injunction requiring WellCare to cease all unauthorized automated telephone calls, and an award of statutory damages to the members of the classes, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

4.      This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5.      This Court has personal jurisdiction over WellCare because a substantial part of the events concerning the unauthorized robocalls at issue occurred in this District, establishing minimum contacts showing WellCare has purposefully availed itself of the resources and protection of the State of New Jersey.

6.      Venue is proper in this Court because WellCare is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

## PARTIES

7.      Plaintiff Sergio D. Fiorarancio is and at all times mentioned herein was, an individual citizen of the State of New Jersey.

8.      Defendant WellCare Health Plans, Inc., is a Delaware corporation with its headquarters and principal place of business in Tampa, Florida.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

### The TCPA's Restrictions on Calls to Cellular Telephones

9.      In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telephone practices.

10.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii)

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]  Included within the definition of "autodialed calls" are those utilizing a pre-recorded message, either played directly to the recipient or sent to the recipient's voicemail.

11.     According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

12.     The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[4]

13.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number are permitted only if the calls are made with the "prior express consent" of the called party.[5]

14.     With regard to calls or texts made for telemarketing purposes, the Federal Communication Commission has instructed that sellers may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable,

---

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, ("2003 Declaratory Ruling"), CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] 2008 FCC Declaratory Ruling, 18 FCC Rcd at 14115 (¶ 165).

[5] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("2008 FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

> solvent, and amenable to judgment limiting liability to the telemarketer
> that physically places the call would make enforcement in many cases
> substantially more expensive and less efficient, since consumers (or law
> enforcement agencies) would be required to sue each marketer separately
> in order to obtain effective relief. As the FTC noted, because "[s]ellers
> may have thousands of 'independent' marketers, suing one or a few of
> them is unlikely to make a substantive difference for consumer privacy."

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

15.     In its January 4, 2008 ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. *Id.* (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

16.     The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

17.     On May 9, 2013, the FCC released a Declaratory Ruling holding that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of . . . section 227(b) . . . that are committed by third-party telemarketers."[6]

18.     More specifically, the May 2013 FCC Ruling held that, even in the absence of evidence of a formal contractual relationship between the seller and the telemarketer, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. 28 FCC Rcd at 6586 (¶ 34).

19.     On July 10, 2015, the FCC released new guidance with regard to the definition of autodialers under the TCPA. In particular, the FCC clarified that "autodialers need only have the capacity to dial random and sequential numbers, rather than the present ability to

---

[6] *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, CG Docket No. 11-50, Declaratory Ruling, 28 FCC Rcd 6574, 6574 (¶ 1) (May 9, 2013) ("May 2013 FCC Ruling").

do so."[7]  In doing so, it rejected the proposed "human intervention" test, which would require plaintiffs to demonstrate that the system in question made the calls without any "human intervention" in the process.[8]

20.     In the same 2015 FCC ruling, the agency also clarified that a "called party" under the TCPA "is the subscriber, i.e., the consumer assigned the telephone number dialed and billed for the call, or the non-subscriber customary user of a telephone number included in a family or business calling plan."[9]  In doing so, the FCC clarified that the relevant test for TCPA purposes is whether the party who the telemarketer or debt collector *actually reached* provided consent, not the party the debt collector or telemarketer was *trying* to reach with the call.[10]

**The TCPA's Rules On Do Not Call Lists**

21.     The TCPA and its regulations also make it unlawful to:

> initiate any telephone solicitation to . . . a residential telephone subscriber who has registered his or her telephone number on the national-do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

47 C.F.R. §§ 64.1200(d).

22.     The TCPA and the Regulations mandate that all telemarketers institute certain minimum procedures and standards prior to placing any telemarketing call.  If such mandatory minimum procedures are not instituted, then each telemarketing call constitutes a violation of the TCPA, 47 U.S.C. § 227(c)(5), and the Regulations, 47 C.F.R. § 64.1200(d).

---

[7] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("2015 FCC Declaratory Ruling"), 2015 WL 4387780 (F.C.C.) (2015) (¶ 15).

[8] 2015 FCC Declaratory Ruling (¶ 20).

[9] *Id.* at (¶ 73).

[10] *Id.* at (¶ 78).

Where a violation has occurred, any person receiving two or more calls has a private right of action.

## **FACTUAL ALLEGATIONS**

23.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

24.     On January 10, 2007, Plaintiff registered his cellular telephone number, 973-341-****, with the National Do Not Call Registry, pursuant to 47 C.F.R. § 64.1200(d). Plaintiff has been the sole and exclusive user of this number since that time.

25.     On February 5, 2019, at 3:56 pm Eastern Time, Plaintiff received a call on his cellular number from telephone number 813-206-6200.  Plaintiff did not pick up the call, and the operator left a voicemail message in Spanish for a "F.E." or "F.H.",[11] which translates to "*Hello, good afternoon. My name is Yeima, I'm calling from WellCare, from the Healthy Living Program, to speak with Mr. [F.E.]. If you can please call us back, our phone number is 866-339-2787. We are available to you Monday through Friday, from 9 am to 6 pm Eastern time. Thank you and have a nice day*."

26.     Plaintiff does not speak Spanish, and does not know anyone named "F.E." or "F.H." However, the message clearly identifies the call as coming from or on behalf of Defendant WellCare. Based on Plaintiff's review of his voicemails and call logs, Plaintiff received similar calls either in Spanish or in English and seeking F.E./F.H. on the following dates and times.

27.     On February 6, 2019, at 3:39 pm Eastern Time, Plaintiff received a call on his cellular number from telephone number 813-206-6200. Plaintiff did not pick up the call, and the operator left a voicemail message in Spanish which translates to "*Hello, good afternoon. This call is from WellCare, from the Healthy Living Program, for Mr. [F.]. If you can please call us*

---

[11] Since *F.E.* or *F.H.* might be a minor, we identify him by the initials only.

*back, our phone number is 866-339-2787. We are available to you Monday through Friday, from 9 am to 6 pm Eastern time. Thank you and have a nice day*.".

28.     On February 11, 2019, at 11:50 am Eastern Time, Plaintiff received a call on his cellular number from telephone number 813-206-6200. Plaintiff did not pick up the call, and the operator left a voicemail message in Spanish which translates to "*Hello, good afternoon. My name is Yeima, I'm calling from WellCare, from the Healthy Living Program, to speak with Mr. [F.E.]. If you can please call us back, our phone number is 866-339-2787. We are available to you Monday through Friday, from 9 am to 6 pm Eastern time. Thank you and have a nice day*.".

29.     On February 12, 2019, at 10:11 am Eastern Time, Plaintiff received a call on his cellular number from telephone number 813-206-6200. Plaintiff did not pick up the call, and the operator left a voicemail message in Spanish which translates to "*Hello, good morning. This call is from WellCare, from the Healthy Living Program, for Mr. [F.E.]. If you can, please call us back. Our phone number is 866-339-2787. We are available to you Monday through Friday, from 9 am to 6 pm Eastern time. Thank you and have a nice day*."

30.     On February 14, 2019, at 12:21 pm Eastern Time, Plaintiff received a call on his cellular number from telephone number 813-206-6200. Plaintiff did not pick up the call, and the operator left a voicemail message in Spanish which translates to "*Hello, good morning. My name is Yeima, I'm calling from WellCare, from the Healthy Living Program, to speak with Mr. [F.E.]. If you can please call us back, our phone number is 866-339-2787. We are available to you Monday through Friday, from 9 am to 6 pm Eastern time. Thank you and have a nice day*."

31.     On February 14, 2019, at 3:17 pm Eastern Time, Plaintiff received a call on his cellular number from telephone number 303-927-4159. Plaintiff did not pick up the call, and the operator from "WellCare" left a voicemail message in Spanish which translates to "*Good afternoon, my name is Maribel. I'm calling from WellCare, the health plan. This call is for Mr. [F.E.]in reference to an educational health program offered to him. Please call us back. We are*

*here Monday through Friday, from 8 am to 6 pm, Eastern zone. The number to call is 1-866-635-7045. Thanks, and have a nice day. Goodbye.*"

32.     On February 15, 2019, at 9:20 am Eastern Time, Plaintiff received a call on his cellular number from telephone number 317-689-6686. Plaintiff did not pick up the call, and the operator from "WellCare" left a voicemail message in Spanish which translates to "*Good morning, my name is Maribel. I'm calling from WellCare, the health plan. This call is for Mr. [F.E.] in ... for ... uh ... information about an educational health program offered to him. Please call us back. We are here Monday through Friday, from 8 am to 6 pm, Eastern zone. The number to call is 1-866-635-7045. Again, my name is Maribel and I'm calling you from WellCare, your health plan. Thanks, and have a nice day. Goodbye.*"

33.     On February 18, 2019, at 9:10 am Eastern Time, Plaintiff received a call on his cellular number from telephone number 303-927-4159. Plaintiff did not pick up the call, and the operator left a voicemail message which translates to "*Good morning. My name is Maribel. I'm calling back from the health plan. This call is for Mr. [F.E.] regarding an educational health program that is offered to him, please call us back. We are here Monday through Friday from 8:00 am to 6:00 pm Eastern Time. The number to call is 18666357045. Thank you and have a good day. Thank you. Listen to your message: [redacted].*" Plaintiff retains the transcription of the voicemail message only.

34.     On February 25, 2019, at 4:12 pm Eastern Time, Plaintiff received a call on his cellular number from telephone number 866-752-5865. Plaintiff did not pick up the call, and the operator from "WellCare" left a voicemail message. The message was in English and was seeking "F.H" which transcribes to "*Well hello this is WellCare calling. [F.H.] with important information. Please call us toll free at 1-866-752-5865 and enter the seven digit pin. [redacted]. So, we know it's you. Again, the number is 1-866-752-5865 and your seven digit pin is [redacted]. If we don't hear from you soon, we'll try again. Thank you. Goodbye.*" Plaintiff retains the transcription of the voicemail message only. Plaintiff received a missed call from the same telephone number on February 28, 2019.

35.     On March 2, 2019, at 9:09 am Eastern Time, Plaintiff received a missed call from the same telephone number 866-752-5865. Plaintiff did not pick up the call, and the operator from "WellCare" left a voicemail message in Spanish which transcribes to "*Well hello this is WellCare. We're still trying to reach [F.H.] with important information. Please call us back as soon as possible at 1-866-752-5865 and enter the seven digit pin. [redacted]. So we know it's you. Again, the number is 1-866-752-5865 and your seven digit pin is [redacted]. Thank you. Goodbye.*" Plaintiff retains the transcription of the voicemail message only.

36.     On March 5, 2019, at 1:50 pm Eastern Time, Plaintiff received a call on his cellular number from telephone number 877-750-8281. Plaintiff did not pick up the call, and the operator from "WellCare" left a voicemail message. The message was seeking "F.H." which transcribes to "*Hi, this message is for Mr. [F.H.] my name is Stacy and I'm calling on behalf of WellCare your insurance provider. I was just hoping to speak with you about a service that's part of that membership. If you could give me a call at 877-750-8281. Our hours are 7:00 AM to 7:00 PM Central Standard Time Monday through Friday. I look forward to visiting with you and I hope you have a great day...*" Plaintiff retains the transcription of the voicemail message only.

37.     On March 8, 2019, at 2:10 pm Eastern Time, Plaintiff received a similar call and a voicemail message from the same telephone number which transcribes to "*Hi this message is for Mr. [F.H.]. This is Sean. I'm calling on behalf of WellCare your Medicare provider. Following up with our members regarding our in home health assessment visit for scheduling our free preventive care program and if you'll please reach us at 977-750-8281 Monday through Friday 7:00 AM to 6:00 PM Central Time.*" Plaintiff retains the transcription of the voicemail message only.

38.     On June 12, 2019, Plaintiff received a missed call on his cellular number from telephone number 317-689-6686. Upon information and belief, the telephone number 317-689-6686 belongs to WellCare.

39.     On October 11, 2019, at 6:42 pm Eastern Time, Plaintiff received a pre-recorded message left in his voicemail, again in Spanish, from "WellCare New Jersey" from

telephone number 888-442-2375 which transcribes to "*Hello, we are calling WellCare New Jersey parents on behalf of [F.E.]. This is a courtesy call that welcomes you to WellCare New Jersey, to inform you about coverage under the dental plan. We would also like to invite you to make an appointment with our dentist so that your child receives important preventive care. If you have any questions or concerns regarding this plan or the clinical provider, please feel free to contact WellCare New Jersey at 1-888-442-2375 or you can also dial 1 now to be connected to a representative right away. Thanks for your attention.*" The call was once again seeking "F.E."

40.     On October 14, 2019, at 12:17 pm Eastern Time, Plaintiff received a pre-recorded voicemail message from telephone number 833-600-8685.  This message was in English and stated that it was "Premium Assist calling on behalf of WellCare," and instructed the recipient to call back at the same number if "you receive any paperwork or phone calls from the county about your benefits."

41.     On November 5, 2019, at 9:20 am Eastern Time, Plaintiff received a pre-recorded message left in his voicemail in English, from "WellCare" from telephone number 866-752-5865 which transcribes to *"Hello. This is. Hello. This is WellCare calling [F.H.] with important information. Please call us toll free at 1-866-752-5865 and enter this 7 digit pin, [redacted]so we know it's you. Again, the number is 1-866-752-5865 and your 7 digit pin is [redacted]. If we don't hear from you soon, we will try again. Thank you. Goodbye."*

42.     On November 13, 2019, at 10:00 am Eastern Time, Plaintiff received a pre-recorded message left in his voicemails in English from the same telephone number which transcribes to "*Hello. This is. Hello. This is WellCare. We are trying to reach [F.H.] with important information. Please call us back as soon as possible at 1-866-752-5865 and enter this 7 digit pin, [redacted]so we know it's you. Again, the number is 1-866-752-5865 and your 7 digit pin is [redacted]. Thank you. Goodbye.*" The call was once again seeking "F.H."

43.     On November 22, 2019, at 1:56 pm Eastern Time, Plaintiff received a text message from short code 89878. This message was in Spanish, which stated:



44.     The text message is translated to "*WellCare: The flu is getting to your area. Help protect yourself with a flu shot. https://s.revl.ink/7NYrpuBN Reply STOP to cancel.*" Plaintiff has no connection or prior dealings with either "Premium Assist" or Defendant, and is not aware of any benefits he receives from any county.

45.     On November 26, 2019, at 5:43 pm Eastern Time, Plaintiff received a text message from short code 89878. This message was in Spanish, which stated:



46.     The text message is translated to "*WellCare: CDC is reporting a flu outbreak in your area. Are you protected? https://s.revl.ink/PMxnjuRn Reply STOP to cancel.*"

47.     On December 13, 2019, at 6:55 pm Eastern Time, Plaintiff received a call on his cellular number from telephone number 813-206-7491. Plaintiff did not pick up the call, and the operator from "WellCare" left a voicemail message, again in Spanish which transcribes to "*Good afternoon, my name is Roman. I'm calling you from the Healthy Living Program from WellCare. I was calling to speak with [F]. Please call us back at 866-339-2787. Thank you.*"

48.     On December 17, 2019, at 2:50 pm Eastern Time, Plaintiff received a call on his cellular number from the same telephone number. Plaintiff did not pick up the call, and the operator from "WellCare" left a voicemail message, again in Spanish which transcribes to

"*Good afternoon, my name is Roman. I'm calling you from the Healthy Living Program from WellCare. I was calling to speak with [F]. Please call us back at 866-339-2787. Thank you.*"

49.     Given the nature of the calls he received, Plaintiff is unable to fully ascertain their purpose.  Whether they are telemarketing, debt collection, some combination of both, or neither, Plaintiff has not provided any prior express consent, or consent of any kind, to receive autodialed calls from WellCare or its affiliates.  Nor has he had any prior dealings with, or relationship to, Defendant through which he could have provided prior express consent to receive calls.

50.     WellCare is, and at all times mentioned herein was, a "person", as defined by 47 U.S.C. § 153(39).

51.     Pursuant to FCC Rulings and relevant case law, WellCare is directly liable for the TCPA violations of any debt collectors when such third parties make debt collection calls on behalf of WellCare.

52.     Likewise, insofar as WellCare or its affiliates engaged in telemarketing without first obtaining prior express consent from the recipients of the telemarketing, WellCare has violated the TCPA.

53.     The telephone number on which Plaintiff was contacted on behalf of WellCare was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

54.     Plaintiff did not provide his "prior express consent" allowing WellCare or its debt collectors to place telephone calls to Plaintiff's cellular phone.

55.     Telephone calls made to Plaintiff's cellular phone on behalf of WellCare were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

56.     Telephone calls to Plaintiff's cellular phone on behalf of WellCare utilizing an "artificial or prerecorded voice" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

57.     WellCare is, or should have been, aware that it or the automated calling operation was making calls in violation of the TCPA.  WellCare had the ability to prevent unauthorized calls in violation of the TCPA from being placed by automated calling operations conducted by itself or by its vendors or marketing partners.

58.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on WellCare to demonstrate that Plaintiff provided it with prior express consent within the meaning of the statute.[12]

## CLASS ACTION ALLEGATIONS

59.     Plaintiff brings this action on behalf of himself and all other persons similarly situated (hereinafter referred to collectively as "the Class").

60.     Plaintiff proposes the following two Classes, subject to amendment as appropriate:

(1) The Prerecorded Message Class:  All persons in the United States and its Territories who, within four years prior to the commencement of this litigation until the class is certified, received one or more calls on their cellular telephone from or on behalf of WellCare, utilizing an artificial or pre-recorded message, for whom WellCare cannot demonstrate that it had written, prior express consent for such calls.

(2) The NDNC Class: All persons in the United States and its Territories whose telephone numbers were on the National Do Not Call Registry, but who received more than one telephone solicitation telemarketing call from or on behalf of WellCare within a 12-month period, since August 4, 2017.

Collectively, these persons will be referred to as "Class members."  Plaintiff represents, and is a member of, the Class.  Excluded from the Class are WellCare and any entities in which WellCare has a controlling interest, WellCare's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

---

[12] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

61.     Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes that Class members number at minimum in the thousands, since automated calls with prerecorded messages were used.

62.     Plaintiff and all members of the Class have been harmed by the acts of WellCare, because their privacy has been violated, they were subject to annoying and harassing calls that constitute a nuisance, and in many cases, they were charged for incoming calls.

63.     This Class Action Complaint seeks injunctive relief and money damages.

64.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.  The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The Class can be identified easily through records maintained by WellCare and/or its vendors.

65.     There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual Class members.  Those common questions of law and fact include, but are not limited to, the following:

a.     Whether non-emergency calls made to Plaintiff and Class members' cellular telephones used a prerecorded voice;

b.     Whether such calls were made by or on behalf of WellCare;

c.     Whether WellCare can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated) to make such calls;

d.     Whether WellCare or its agents made more than one call to any person in a 12 month period;

e.     Whether WellCare or its agents maintained necessary procedures for compliance with the National Do Not Call registry;

f.     Whether WellCare's conduct was knowing and/or willful;

g.     Whether WellCare's is liable for damages, and the

amount of such damages; and

> h.     Whether WellCare should be enjoined from engaging in such conduct in the future.

66.     As a person who received telephone calls using an artificial or prerecorded voice, without his prior express consent within the meaning of the TCPA and Rules, Plaintiff asserts claims that are typical of each Class member.  Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

67.     As a person whose telephone number was placed on the National Do Not Call List and who received more than one call in a twelve-month period, Plaintiff asserts claims that are typical of the NDNC Class.

68.     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

69.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

70.     WellCare has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**CAUSES OF ACTION**

**FIRST COUNT**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE
CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*
(On Behalf of the Prerecorded Message Class)**

71.     Plaintiff incorporates by reference the foregoing paragraphs of this
Complaint as if fully stated herein.

72.     WellCare knowingly or willfully violated the TCPA by making calls to the
cellular telephones, using pre-recorded messages, to individuals for whom it did not first obtain
prior express consent.

73.     As a result of WellCare knowing and/or willful violations of 47 U.S.C. §
227 *et seq.*, Plaintiff and each member of the Class are entitled to treble damages of up to
$1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

74.     Plaintiff and all Class members are also entitled to and do seek injunctive
relief prohibiting such conduct violating the TCPA by Defendants in the future.  Plaintiff and
Class members are also entitled to an award of attorneys' fees and costs.

**SECOND COUNT**

**STATUTORY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227 *ET SEQ.*
(On Behalf of the Prerecorded Message Class)**

75.     Plaintiff incorporates by reference the foregoing paragraphs of this
Complaint as if fully set forth herein.

76.     WellCare violated the TCPA by making calls to the cellular telephones,
using pre-recorded messages, to individuals for whom it did not first obtain prior express
consent.

77.     As a result of WellCare's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

78.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting WellCare's violation of the TCPA in the future.

79.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## THIRD COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.* AND 47 C.F.R. § 64.1200(d)
(On Behalf of the NDNC Class)

80.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

81.     WellCare knowingly and/or willingly violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing calls within a 12-month period on WellCare's behalf to Plaintiff and the members of the NDNC Class while those persons' phone numbers were registered on the National Do Not Call Registry.

82.     As a result of WellCare knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

83.     Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.  Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## FOURTH COUNT

### STATUTORY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.* AND 47 C.F.R. § 64.1200(d)
(On Behalf of the NDNC Class)

84.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

85.     WellCare violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing calls within a 12-month period on WellCare's behalf to Plaintiff and the members of the NDNC Class while those persons' phone numbers were registered on the National Do Not Call Registry

86.     As a result of WellCare's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

87.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting WellCare's violation of the TCPA in the future.

88.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against WellCare:

A.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class and Subclasses, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class and Subclasses;

B.      Injunctive relief prohibiting such violations of the TCPA by WellCare in the future;

C.      As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), for himself and each Class member, treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

D.      As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), for himself and

each Class member, $500.00 in statutory damages for each and every call that violated the TCPA;

E.      As a result of Defendant's willful and/or knowing violations of 47 C.F.R. § 64.1200(d), for himself and each member of the NDNC Class, treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

F.      As a result of Defendant's statutory violations of 47 C.F.R. § 64.1200(d), for himself and each member of the NDNC Class, $500 in statutory damages for each and every violation of the TCPA;

G.      An award of attorneys' fees and costs to counsel for Plaintiff and the Classes;

H.      Such other relief as the Court deems just and proper.


Dated:  August 4, 2021                    KIM LAW FIRM LLC
                                          By:  *s/Yongmoon Kim*
                                          Yongmoon Kim
                                          Email:  ykim@kimlf.com
                                          411 Hackensack Avenue, Suite 701
                                          Hackensack, New Jersey 07601
                                          Telephone:  (201) 273-7117
                                          Facsimile:   (201) 273-7117

                                          LITE DEPALMA GREENBERG & AFANADOR, LLC
                                          Bruce D. Greenberg
                                          E-mail:  bgreenberg@litedepalma.com
                                          Catherine B. Derenze
                                          E-mail:  cderenze@litedepalma.com
                                          570 Broad Street, Suite 1201
                                          Newark, New Jersey 07102
                                          Telephone:  (973) 623-3000
                                          Facsimile:  (973) 623-0858

MEYER WILSON CO., LPA
Matthew R. Wilson (*pro hac vice* to be filed)
Email:  mwilson@meyerwilson.com
Michael J. Boyle, Jr. (*pro hac vice* to be filed)
Email:  mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

*Attorneys for Plaintiff and the Proposed Classes*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all counts so triable.

**CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated:  August 4, 2021

KIM LAW FIRM LLC
By:  *s/Yongmoon Kim*
Yongmoon Kim
Email:  ykim@kimlf.com
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Telephone:  (201) 273-7117
Facsimile:  (201) 273-7117

LITE DEPALMA GREENBERG & AFANADOR, LLC
Bruce D. Greenberg
E-mail:  bgreenberg@litedepalma.com
Catherine B. Derenze
E-mail:  cderenze@litedepalma.com
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone:  (973) 623-3000
Facsimile:  (973) 623-0858

MEYER WILSON CO., LPA
Matthew R. Wilson (*pro hac vice* to be filed)
Email:  mwilson@meyerwilson.com
Michael J. Boyle, Jr. (*pro hac vice* to be filed)
Email:  mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ihio 43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

*Attorneys for Plaintiff and the Proposed Classes*